UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NATHANIEL SMITH, JR.<br>Plaintiff | CIVIL ACTION NO. 1:17-CV-01690 |
| VERSUS | JUDGE DEE D DRELL |
| DELTA FUEL COMPANY, INC.<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court are three motions. Defendant Delta Fuel Company, Inc. ("Delta") filed a Motion to Quash Service and Dismiss ("Motion to Dismiss") (Doc. 11). Plaintiff Nathaniel Smith, Jr. ("Smith") filed a Motion for Leave to Amend Complaint ("Motion to Amend") (Doc. 16) and a Motion to Strike Exhibits ("Motion to Strike") (Doc. 31). The Motion to Strike is opposed. (Doc. 33, p. 1).

Because Smith's amended complaint will not survive a Rule 12(b)(6) motion to dismiss, it is recommended that the Motion to Amend (Doc. 16) be DENIED as futile. Because the Motion to Dismiss is not subject to strike, it is recommended that the Motion to Strike (Doc. 31) be DENIED. Because Smith failed to properly serve Delta and failed to state a claim upon which relief can be granted, it is recommended that the Motion to Dismiss (Doc. 11) be GRANTED.

## I. Background

On December 19, 2017, Smith filed an action against Delta. Smith claims that: (1) Delta violated the Louisiana Workers' Compensation Act by denying his choice of physician and failing to pay him initial indemnity after an accident; and

(2) Delta's "discriminatory, retaliation [sic], and wrongful termination" of Smith's employment violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").  (Doc. 1, p. 2-3).

Delta filed the Motion to Dismiss (Doc. 11), seeking dismissal of this action, or alternatively quashal of service.  (Doc. 11, p. 1).  Delta alleges the action should be dismissed because: (1) the Court lacks subject-matter jurisdiction; (2) Smith failed to properly serve Delta with a summons and the Complaint; and (3) Smith failed to state a claim upon which relief could be granted.  (Doc. 11-2, p. 6-9).  Delta alleges that a server delivered a copy of a summons and one page of Smith's two-page Complaint to Paula Rouse ("Rouse"), an Accounts Payable Clerk for Delta.  (Doc. 11-2, p. 2).

In its Scheduling Order, the Court specified the deadline for amending pleadings to be June 22, 2018.  (Doc. 25).  On March 5, 2018, Smith filed the Motion to Amend (Doc. 16).  Smith attached a copy of his proposed complaint to the motion.  (Doc. 16, p. 2).

Smith filed the Motion to Strike (Doc. 31), seeking to strike the Proof of Service and Certificate of Service from the Motion to Dismiss.  Smith alleges that Delta abused the legal process by removing the dates, printed names, and his signatures from these documents.  (Doc. 31, p. 2).  Delta filed a Memorandum in Opposition to Plaintiff's Motion to Strike (Doc. 33).  Delta alleges that the Motion to Strike should be denied because it was without merit and untimely filed.  (Doc. 33, p. 1).

## II.    Law and Analysis

### A.    Standards governing the Motion to Amend.

Fed. R. Civ. P. 15(a)(1) provides that:

> a party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, the party may amend within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  Although a court should freely give leave when justice so requires, it possesses the discretion to grant or deny a motion to amend.  See Ellis v. Liberty Life Assur. Co of Boston, 394 F.3d 262, 268 (5th Cir. 2004).  In determining whether to grant leave, a court may consider a variety of factors, including:  "(1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment."  Id.  "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."  Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014).

If a court issued a scheduling order under Fed. R. Civ. P. 16(b)(3) and limited the time to amend the pleadings therein, the parties must comply with the deadline.  See S&W Enter., L.L.C. v. S. Tr. Bank of Ala, NA, 315 F.3d 533, 536 (5th Cir. 2003).  A scheduling order may be modified only for good cause and with the court's consent.  Fed. R. Civ. P. 16(b)(4).

**B.    Standards governing the Motion to Strike.**

Fed. R. Civ. P. 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A party may move the court to strike "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Id.  Motions to strike are disfavored and should be used sparingly by the courts.  See Chaverri v. Dole Food Co., No. 11-1289, 2012 WL 2087409, at *2 (E.D. La. June 8, 2012).  The decision to grant or deny a motion to strike lies within the court's discretion.  Id.

**C.    Standards governing the Motion to Dismiss.**

      **1.    Standards governing the motion to dismiss for lack of subject-matter jurisdiction.**

A court may dismiss an action for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  Federal-question jurisdiction exists when a well-pleaded complaint establishes that: (1) federal law creates the cause of action, or (2) federal law is a necessary element of a well-pleaded claim.  Christianson v. Clot Indus. Operating Corp., 486 U.S. 800, 808-09 (1988).  Federal law creates a cause of action if the party claims a right to recover under federal law.  See Bell v. Hood, 327 U.S. 678, 681 (1946).  Federal jurisdiction cannot be defeated by denying the merits of the federal claim.  Id. at 682.  If the court later determines that the plaintiff fails to

state a ground for relief, "dismissal of the case would be on the merits, not for want of jurisdiction." Id.

### 2. Standards governing the motion to dismiss for insufficient process or insufficient service of process.

A court may dismiss an action for insufficient process or insufficient service of process. Fed. R. Civ. P. 12(b). A domestic corporation may be served by two methods. Fed. R. Civ. P. 4(h). First, it may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Id. Second, it may be served following state law of serving a summons in the state where the district court is located or where the service is made. Id.; Fed. R. Civ. P. 4(e)(1). Under Louisiana Code of Civil Procedure, "service of citation or other process on a domestic . . . corporation is made by personal service on any one of its agents for service of process." La. Code Civ. Proc. art. 1261. An "agent for the service of process" is an "agent designated by a person or by law to receive service of process in actions and proceedings brought against him in the courts in this state." La. Code Civ. Proc. art. 5251.

### 3. Standards governing the motion to dismiss for failure to state a claim upon which relief can be granted.

A court may dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint could survive dismissal for failure to state a claim if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 571 (2007). "A

5

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (1937) (internal citation omitted).

While detailed factual allegations are not necessary, the "allegations must be enough to raise a right to relief above the speculative level." Anderson v. Valdez, 845 F.3d 580, 589 (5th Cir. 2016). Mere conclusory statements are insufficient. Id. A Rule 12(b)(6) motion should be viewed with disfavor and rarely granted. Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011). In reviewing a Rule 12(b)(6) motion to dismiss, a court must assume all well-pleaded factual allegations as true, draw all reasonable inferences in plaintiff's favor, and construe the complaint in the light most favorable to the plaintiff. Lovick v. Ritemoney Ltd., 378 F.3d 433, 437 (5th Cir. 2004).

## D.    The Motion to Amend should be denied as futile.

Fed. R. Civ. P. 15(a)(2) allows a party to amend its pleading with the opposing party's written consent or the court's leave.[1] [2] Fed. R. Civ. P. 15(a)(2). Although Rule 15(a) "evinces a bias in favor of granting leave to amend," the Court is entrusted with the discretion to deny a motion to amend if it is futile. See

---

[1] Smith cannot amend his Complaint as a matter of course because he failed to do so timely. Fed. R. Civ. P. 15(a)(1) allows him to amend his Complaint as a matter of course within 21 days after service of the Complaint or the Motion to Dismiss. Here, the Complaint was served on January 11, 2018. (Doc. 10, p. 2). The Motion to Dismiss was served on February 6, 2018. (Doc. 11, p. 2). The Motion to Amend (Doc. 16) was filed on March 5, 2018. Because the Motion to Amend (Doc. 16) was filed more than 21 days after service of the Motion to Dismiss, Fed. R. Civ. P. 15(a)(1) does not apply.

[2] Fed. R. Civ. P. 16(b)(4) does not apply in this case because Smith filed his Motion to Amend (Doc. 16) before the deadline for amending pleadings expired, and because Smith did not seek to modify the scheduling order.

6

Marucci Sports, L.L.C., 751 F.3d at 378. "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." Id. "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Stripling v. Jordan Production Co., 234 F.3d 863, 873 (5th Cir. 2000) (internal citation omitted).

As discussed below, Smith's amended complaint will not survive a Rule 12(b)(6) motion.[3] Construed in the light most favorable to Smith, the amended complaint failed to allege sufficient facts to state all the elements of his claim. Therefore, Smith's Motion to Amend (Doc. 16) should be denied as futile.

### E.    The Motion to Dismiss is not subject to strike under Fed. R. Civ. P. 12(f).

The Motion to Dismiss (Doc. 11) is not subject to strike under the Federal Rules of Civil Procedure. A party may move the court to strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter from a pleading. Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 7(a), a motion to dismiss is not a "pleading."[4] See Zaidi v. Ehrlich, 732 F.2d 1218, 1219-20 (5th Cir. 1984); Chaverri, 2012 WL 2087409, at *2 (denying a motion to strike matters from defendant's motion to dismiss because a motion was not a pleading and Rule 12(f)

---

[3] See Section F(3) for a detailed discussion regarding the Rule 12(b)(6) Motion to Dismiss.

[4] Fed. R. Civ. P. 7(a) provides that pleadings include only complaints, answers, and replies to answers following courts' orders.

was inapplicable).  Therefore, because the Motion to Dismiss is not subject to strike, Smith's Motion to Strike (Doc. 31) should be denied.[5]

    **F.**    <u>The Motion to Dismiss should be granted.</u>

        **1.**    <u>The Court has subject-matter jurisdiction over Smith's Title VII claim, but lacks jurisdiction over Smith's workers' compensation claims.</u>

            **a.**    <u>The Court has subject-matter jurisdiction over Smith's Title VII claim.</u>

Federal-question jurisdiction exists when a complaint claims a right to recover under federal law.  <u>See</u> <u>Bell</u>, 327 U.S. at 681.  However, "[a]n assertion of a claim under a federal statute alone is sufficient to empower a federal court to assume jurisdiction over the case."  <u>Daigle v. Opelousas Health Care, Inc.</u>, 774 F.2d 1344, 1348 (5th Cir. 1985).

In <u>Bell v. Hood</u>, for instance, the plaintiffs alleged that the defendants' conduct violated the Constitution and resulted in damages.  327 U.S. at 681.  The Supreme Court held federal-question jurisdiction existed because the plaintiffs claimed a right to recover under the Constitution.  <u>Id.</u>  Here, Smith plainly claims a right to recover under Title VII.  Smith alleges that Delta's "discriminatory, retaliatory, and wrongful" action violated Title VII, and that he was entitled to recover based on the violation.  (Doc. 1, p. 3).  Hence, the Court has subject-matter jurisdiction over Smith's Title VII claim.

---

[5] Even assuming for purposes of argument that Rule 12(f) is applicable, the Motion to Strike (Doc. 31) should be denied because it was untimely filed.  A party must file a motion to strike "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. "  Fed. R. Civ. P. 12(f).  Here, the Motion to Dismiss (Doc. 11) was served on February 6, 2018, and the Motion to Strike (Doc. 31) was filed on May 3, 2018.  The Motion to Strike (Doc. 31) was untimely filed because it was filed 86 days after the service of the Motion to Dismiss.

b.    **The Court lacks subject-matter jurisdiction over Smith's workers' compensation claims.**

La. R.S. 23:1310.3 vests the workers' compensation judge with "original, exclusive jurisdiction over all claims or disputes arising out of [the Workers' Compensation Act]." La. R.S. 23:1310.3. La. R.S. 23:1121(B) sets forth an employee's right to select a physician. La. R.S. 23:1121(B). La. R.S. 23:1031(A) sets forth an employee's right to indemnity benefits. La. R.S. 23:1031(A). Smith claims that Delta denied his choice of physician and indemnity benefit under "Louisiana office of worker's [sic] compensation laws." (Doc. 1, p. 3). Under La. R.S. 23:1310.3, however, the workers' compensation judge possesses exclusive jurisdiction over these claims. La. R.S. 23:1310.3. Therefore, the Court lacks subject-matter jurisdiction over Smith's claims under the Louisiana Workers' Compensation Act.

2.    **Smith's service on Delta was defective.**

Under Federal Rules of Civil Procedure, Delta may be served by either of two methods. Fed. R. Civ. P. 4(h)(1). First, it may be served by delivering a copy of the summons and the Complaint to an officer, managing or general agent, or any other agent authorized to receive service of process. Id. Second, it may be served by personal service on one of its agents for service of process. Id.; La. Code. Civ. Proc. art. 1261. Service on an unauthorized employee at a corporation's business address is insufficient to effect service. See Evans v. Johnson, No. 16-81, 2017 WL 3037805, at *3 (W.D. La. July 17, 2017).

Here, the Summons and Complaint were served on Rouse, an Account Payable Clerk of Delta.[6]  (Doc. 11-3, p. 3).  Rouse is not a managing agent, general agent, or an authorized agent under Fed. R. Civ. P. 4(h)(1).  Rouse is not Delta's agent for service of process under state law.[7]  (Doc. 11-3, p. 1).  Smith's service on Delta was thus defective.

### 3.    Smith failed to state a claim that is plausible on its face.

To establish a claim of discrimination under Title VII, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was treated less favorably because of his membership in that protected class.  See Lee v. Kan. City Southern Ry. Co., 574 F.3d 253, 259 (5th Cir. 2009).  To establish a claim of retaliation under Title VII, a plaintiff must show that: (1) he engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link between the protected activity and the adverse employment action.  See Royal v. CCC & R Tres Arboles, LLC., 736 F.3d 396, 400 (5th Cir. 2013).  An employee is engaged in a protected activity if he has opposed any unlawful employment practice under Title VII.  Id.  Although Smith is not required to plead a prima facie case to survive a Rule 12(b)(6) motion, he must allege facts sufficient to state all the elements of his Title VII

---

[6] Although the signature of Donna Callaway ("Callaway") appears on the returned Proof of Service (Doc. 10), the parties do not dispute that the summons and Complaint were served on Rouse, instead of Callaway.  Delta alleged that the summons and Complaint were delivered to Rouse, and Rouse signed Callaway's name on it.  (Doc. 11-2, p. 2).  Rouse confirmed this statement under penalty of perjury.  (Doc. 11-3, p. 3).  Smith did not dispute this statement.  (Doc. 31, p. 3).  Therefore, the Court need not determine whether Callaway is a qualified agent to receive service of process.

[7] Rather, Delta has designated Clinton L. Vegas as its sole agent for service of process.  (Doc. 11-2, p. 2).

claim.  See Stone v. La. Dept. of Revenue, 590 Fed. App'x 332, 340 (5th Cir. 2014) (affirming the dismissal of discrimination claims under Title VII because the plaintiff failed to allege an adverse employment action); Richard v. St. Tammany Par. Sheriff's Dep't, No. 17-9703, 2018 WL 2065594, at *7 (E.D. La. May 3, 2018) (holding a plaintiff pleaded a plausible retaliation claim when he alleged facts sufficient to state all the elements of his claim).

Here, construed in the light most favorable to Smith, both Smith's initial Complaint and the proposed amended complaint failed to state all the elements of his claim.  Smith alleges he was qualified for the position because he was a certified liquefied compressed gas driver/installer.  (Doc. 16, p. 1).  Smith allegedly suffered an adverse employment action because Delta terminated his employment.  (Doc. 1, p. 3).  However, Smith failed to plead a facially plausible claim of discrimination under Title VII because he failed to allege that: (1) he was a member of a protected class; and (2) Delta differentially terminated his employment.  Similarly, Smith failed to establish a facially plausible retaliation claim because he failed to allege he opposed any unlawful employment practice of Delta under Title VII.  Assuming all factual allegations as true, the Court cannot reasonably infer that Delta is liable under Title VII.  Although Smith asserts the termination of his employment was discriminatory and retaliatory, that allegation is merely a conclusory statement.  Accordingly, Smith has twice failed to state a claim upon which relief can be granted.

A court should generally allow a pro se plaintiff an opportunity to amend his complaint before dismissing it for failure to state a claim.  <u>Bazrowx v. Scott</u>, 136 F.3d 1053, 1054 (5th Cir. 1998).  However, if a plaintiff has amended his complaint yet failed to cure the deficiencies therein, the court may dismiss it without allowing an additional opportunity to amend.  <u>See</u> <u>Sims v. Gamble</u>, No. 4:17-2359, 2018 WL 447362, at *6 (S.D. Tex. Jan. 17, 2018).

For example, in <u>Sims v. Gamble</u>, in response to defendants' Rule 12(b)(6) motions to dismiss, a pro se plaintiff filed a motion to amend and attached a proposed amended pleadings.  <u>Id.</u> at 3. Construing the original and the amended complaint together, the <u>Sims</u> court found the plaintiff failed to allege sufficient facts to support his claims.  <u>Id.</u> at 5-6.  Accordingly, the <u>Sims</u> court denied the motion to amend as futile and dismissed the claims without granting the plaintiff an additional opportunity to amend his complaint.  <u>Id.</u>; <u>see also</u> <u>Mays v. Mutual of Omaha Ins. Co.</u>, No. 1:14-CV-00048-SA-SAA, 2014 WL 5621811, at *3 (N.D. Miss. Nov. 4, 2014) (dismissing an action for failure to state a claim because the plaintiff failed to allege sufficient facts in both the initial complaint and the proposed amended claim).

Smith has likewise failed to cure the deficiencies of his initial Complaint in his proposed amendment.  Dismissal of the action is appropriate.

III.   **Conclusion**

For the foregoing reasons,

IT IS RECOMMENDED that the Motion to Amend (Doc. 16) be DENIED AS FUTILE.

IT IS FURTHER RECOMMENDED that the Motion to Strike (Doc. 31) be DENIED.

IT IS FURTHER RECOMMENDED that the Motion to Dismiss (Doc. 11) be GRANTED.

IT IS FURTHER RECOMMENDED that Smith's Complaint be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __20th__ day of July, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge